UNITED STATES of America,

v.

**Melvyn BLACK and Sanford Black, Defendants.**

No. CR 92–689 (ADS).

United States District Court, E.D. New York.

Sept. 7, 1993.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Bradley D. Simon, Asst. U.S. Atty., Stephen Huggard, U.S. Dept. of Justice, Hauppauge, NY, for Government.

Schlam, Stone & Dolan by Peter R. Schlam, New York City, for Melvyn Black.

Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C. by Robert G. Morvillo, New York City, for defendant Sanford Black.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The government commenced this prosecution against two brothers, Melvyn Black and Sanford Black, who are charged with knowingly and willfully conspiring to defraud the United States by preventing the Internal Revenue Service from ascertaining and col-

lecting income tax from the defendant Melvyn Black. Melvyn Black and Sanford Black are also charged with one count of filing a false tax return for the calendar year 1985 on behalf of Melvyn Black and his wife. Additionally, Melvyn Black is charged with three counts of filing a false tax return for the calendar years 1986, 1987, and 1988.

The defendant Melvyn Black moved to dismiss the indictment on the ground that it was the product of an investigation and prosecution driven by a personalized, vindictive, and gender-based animus against him on the part of the IRS agent handling the case.

In addressing a claim of selective prosecution, the Second Circuit has stated that:

"in order to support a defense of selective prosecution, the defendant must make at least a prima facie showing both '(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against [the defendant], he has been singled out for prosecution, and (2) that the government's discriminatory selection of [the defendant] for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.'" (*United States v. Fares*, 978 F.2d 52, 59 [2d Cir.1992] [*quoting United States v. Moon*, 718 F.2d 1210, 1229 (2d Cir.1983), *cert. denied*, 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984) (*quoting United States v. Berrios*, 501 F.2d 1207, 1211 [2d Cir.1974] ).

Since the Court initially determined that the defendant Melvyn Black made a prima facie showing of the two prongs set forth in *Berrios*, the Court directed that an evidentiary hearing be held before United States Magistrate Judge Orenstein.

At the conclusion of the hearing on February 25, 1993, Magistrate Judge Orenstein rendered his report and recommendation on the record. This report and recommendation expressly stated that "this Court has not only considered this case under the terms of a claim of selective prosecution. This Court has also considered the claim of the defendant as a claim to dismiss the indictment based upon outrageous governmental conduct" (Tr.[1] at p. 4:208).

In addressing the claim of selective prosecution and the allegation that Agent Paradiso "hates men", Magistrate Judge Orenstein stated:

"In this case this Court expressly finds that Agent Borakove on November 2, 1989, never stated that Special Agent Paradiso was a man-hater, recently divorced, a woman's libber and would stay on Black's case until she got him.

Two, that even if Agent Borakove did state it, there was not one shred or scintilla of proof ... that has been introduced in this case, that Agent Paradiso is biased against males.

Third, the recommendation to prosecute ... Mr. Melvyn Black was based upon objective views of the agent based upon the testimony of Dr. Koplewicz at the trial of the Black divorce action; the testimony of Dr. Block at the trial of the divorce action, other testimony that the agents sat in on at the divorce trial of the Blacks, the later interviews in 1991 of Dr. Koplewicz and Dr. Block, and the memorandum of testimony, which I think we heard as Defendant's Exhibit C of Dr. Koplewicz, of his testimony at the divorce trial.

\*　　\*　　\*　　\*　　\*　　\*

That under those circumstances there has been no proof whatsoever that Mr. Melvyn Black has been able to meet the first prong of the test with regard to selective prosecution, that others similarly situated have not been proceeded against for tax evasion, or that his selection as a male was invidious or in bad faith, or based upon any other impermissible consideration which would violate or prevent his exercise of constitutional rights.

Furthermore, with regard to the claims of outrageous governmental conduct, that

---

1. Tr. denotes pages from the transcript of the hearing before Magistrate Judge Michael L. Orenstein.

is, that the investigation was not all encompassing, or that with regard to failure to speak to either Craig or Michael Black as being the requirement, this Court finds that there is not such a requirement with regard to all of the proof that was before Agent Paradiso, and before the Internal Revenue Service with regard to a recommendation.

\* \* \* \* \* \*

Under the facts and circumstances of this case, I further find that ... in the context of the investigation that was done, that nothing occurred which violated Mr. Melvyn Black's due process rights, or that it was outrageous or shocking to this Court's conscience. And the fact that another may have conducted the investigation differently or interviewed others does not amount to vindictiveness or outrageous conduct or bad faith which rises to and involves a violation of due process rights warranting dismissal of an indictment" (Tr. at pp. 4:210–4:211).

At the conclusion of the report and recommendation, Judge Orenstein stated "[t]his Court reports and recommends [that] the defendant's motion be denied" (Tr. at p. 4:207). On March 15, 1993, Melvyn Black submitted objections to the Report and Recommendation of Judge Orenstein.

The objections essentially fall into three categories:

First, the defendant Melvyn Black disagrees with the determination by Magistrate Judge Orenstein that the IRS investigation did not constitute selective prosecution.

Second, that Magistrate Judge Orenstein improperly excluded polygraph evidence offered by the defendant to show that Agent Borakove actually made a statement to Melvyn Black that Agent Paradiso "hates men".

Third, that Magistrate Judge Orenstein improperly excluded the testimony of Craig and Michael Black "that there father was not remotely the 'sadistic' and 'domineering' person protrayed in Agent Paradiso's report, but that it was actually Malinda [Black] who physically and emotionally abused her own family members" (Memorandum of Law in Support of Objections, at p. 17).

On or about July 20, 1993, Peter R. Schlam, Esq., counsel for the defendant Melvyn Black, submitted to the court a supplemental letter memorandum urging the Court to consider the recent United States Supreme Court decision *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993),

> "which gives added support to our argument ... that the Court should admit expert testimony by a polygrapher, and introduction of polygraph examinations, on the critical issues as to whether IRS Supervisory Special Agent Borakove admitted to Melvyn Black and his son that Special Agent Ann Paradiso is a 'fem libber who hates men, and was out to get Melvyn, no matter how long it takes.'" (Letter of Peter R. Schlam, Esq., dated July 20, 1993, at p. 1).

In reviewing the *Daubert* case, which was decided by the Supreme Court after Magistrate Judge Orenstein's report and recommendation, the Court notes that *Daubert* specifically states:

> "That the *Frye* test was displaced by the Rules of Evidence does not mean, however, that the Rules themselves place no limits on the admissibility of purportedly scientific evidence. Nor is the trial judge disabled from screening such evidence. *To the contrary, under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.*

> The primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify. 'If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue' an expert 'may testify thereto.' The subject of an expert's testimony must be 'scientific ... knowledge.' The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation ..." (*Daubert, supra,* ——

U.S. at pp. —— – ——, 113 S.Ct. at pp. 2794–95 [emphasis added]).

The Second Circuit has held that "the results of polygraph examinations are not admissible in this Circuit" (*United States v. Rea*, 958 F.2d 1206, 1224 [2d Cir.1992] [*citing United States v. Bortnovsky*, 879 F.2d 30, 35 (2d Cir.1989)]). In *Rea* the district court determined that "it did not believe polygraph tests were *sufficiently reliable* to warrant the admission of the results in evidence" and the circuit court found that this was not an abuse of discretion (*See Rea, supra*, 958 F.2d at p. 1224 [emphasis added]). Nothing in *Daubert* changes the rationale set forth in *Rea* and *Bortnovsky*. The polygraph test is simply not sufficiently reliable to be admissible.

■ In this case, Magistrate Judge Orenstein issued an Order dated January 20, 1993 which stated:

"The defendant, Melvyn Black, by letter application dated December 2, 1992, has moved to permit testimony of the results of polygraph examinations of said defendant and the witness, Craig Black. According to the movant, the results of such polygraph examinations confirm the veracity of the defendant and witness' anticipated testimony. Defendant indicates that the testimony and results of the polygraph examinations will be offered at the pretrial hearing previously ordered by District Judge Spatt on October 30, 1992. The application is opposed by the government.

The application is denied. *See United States v. Rea,* 958 F.2d 1206, 1224 (2d Cir.1992); *United States v. Bortnovsky,* 879 F.2d 30, 35 (2d Cir.1989) [and cases cited therein]...." (Order of Magistrate Judge Michael L. Orenstein, dated January 20, 1993).

This Court concurs that polygraph evidence is not sufficiently reliable to be admissible in a criminal trial or pre-trial hearing. After evaluating the standard set forth in the *Daubert* case, premised on Rule 702 of the Federal Rules of Evidence, the Court believes that nothing in *Daubert* would disturb the settled precedent that polygraph evidence is neither reliable nor admissible (*See Rea, supra,* 958 F.2d at p. 1224).

■ After reviewing the hearing record, the reasons set forth in Magistrate Judge Orenstein's report and recommendation, and the standard utilized by the Second Circuit in addressing the issue of selective prosecution (*see Fares, supra,* 978 F.2d at p. 59; *Berrios,* 501 F.2d at p. 1211), the Court determines that the Report and Recommendation rendered by Magistrate Judge Orenstein on February 25, 1993 is affirmed in all respects.

### CONCLUSION

Based upon the foregoing:

1) The report and recommendation of United States Magistrate Judge Michael L. Orenstein rendered on the record on February 25, 1993 is affirmed in all respects; and

2) The motion by the defendant Melvyn Black to dismiss the indictment on the ground that it was the product of an investigation and prosecution driven by a personalized, vindictive, and gender-based animus against Melvyn Black on the part of the IRS agent handling the case is denied.

**SO ORDERED.**